PILLSBURY WINTHROP SHAW PITTMAN LLP
EVAN FINKEL (S.B. #100673)
evan.finkel@pillsburylaw.com
MICHAEL J. FINNEGAN (S.B. #137409)
mike.finnegan@pillsburylaw.com
ANDREW B. GROSSMAN (S.B. #211546)
andrew.grossman@pillsburylaw.com
AVISHA A. PATEL (S.B. #217649)
avisha.patel@pillsburylaw.com
725 South Figueroa Street
Suite 2800
Los Angeles, CA 90017-5406
Telephone: (213) 488-7100
Facsimile: (213) 629-1033

Attorneys for Defendant and Counterclaimant
COMARCO WIRELESS TECHNOLOGIES, INC.

Donald P. Rubenstein (State Bar No. 121034)
Email: drubenstein@reedsmith.com
William E. Overend (State Bar No. 180209)
Email: woverend@reedsmith.com
James M. Neudecker (State Bar No. 221657)
Email: jneudecker@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

Telephone: (510) 763 2000
Facsimile: (510) 273 8832

Attorneys for Plaintiff and Counterdefendant
SwissQual AG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SWISSQUAL AG, a Swiss Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>COMARCO WIRELESS TECHNOLOGIES, INC., a Delaware Corporation;<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case no.: 07-cv-7819-AHM (Ssx)<br>Before the Honorable A. Howard Matz<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[Fed.R.Civ.Proc. § 26(c)]<br><br>[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal] |

## INTRODUCTION

Plaintiff and Counterdefendant SwissQual AG ("SwissQual") and Defendant and Counterclaimant Comarco Wireless Technologies, Inc. ("Comarco"), by and through their counsel of record, hereby stipulate to, and respectfully request that the Court issue, the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c). Having filed an earlier proposed Protective Order that was rejected by this Court, the parties now submit a new version of that Order to address the problems raised by the Court in its May 19, 2008 Memorandum and Order. [*See* Docket No. 32.]

## GOOD CAUSE STATEMENT

Fed. R. Civ. P. 26(c) permits a court, upon a showing of "good cause," to issue an order to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense," inter alia, by "limiting the scope of disclosure or discovery to certain matters" and "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c); see also Phillips ex. Rel. Estates of Byrd v. General Motors Corp., 307 F.3d 126, 1211 (9th Cir. 2002). A showing of good cause requires that the party or parties seeking the protective order make a showing of specific prejudice or harm that will result if no protective order is granted. Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003).

Good cause exists to grant the requested protective order in this case. The parties in this case are businesses who innovate, develop, market, and sell products based on wireless technology. At the time the parties jointly developed the Seven.Five system, one of the products that is at issue in this action, the parties were both subject to confidentiality provisions that prevented any improper disclosure of confidential information concerning those products. Moreover, after the development phase, when the parties entered into agreements for the sale, distribution, and servicing of Seven.Five and related products, the parties contemplated their

confidential and proprietary information and trade secrets should remain confidential, and thus each of the agreements at issue in this action (except for the Termination Agreement) contains the same confidentiality provision. The parties agreed amongst themselves that the following information should be confidential:

> [A]ny confidential and/or proprietary information, including, without limitation, information concerning Price Lists, Revenue, Sales, know-how, technology, techniques, trade secrets, data, designs, drawings, documentation, software (regardless of form or media), machinery, prototypes, processes, methods, concepts, facilities, research, sales, marketing, development and business activities, or business or marketing plans relating to any of the foregoing.

The parties so agreed in recognition of the harm that would ensue if the information were not kept confidential. The following are the categories of information the parties wish to keep confidential, along with the prejudice that will be suffered by the parties if the information does not remain confidential:

A. Price and customer lists regarding Seven.Five systems, Symphony, Diversity, and products related to the foregoing. Disclosure of the price and customer lists would put both parties at a competitive disadvantage as they negotiated contracts with sophisticated customers and also would give competitors an advantage with those customers.

B. The revenue sharing scheme that exists or existed between the parties and also between one of the parties with other partners. Disclosure of such information would put the parties at a disadvantage in negotiating with new potential partners and would also put parties at a competitive disadvantage with respect to current partners who may have different deals.

C. Licensing negotiations and agreements between either of the parties and their partners, distributors or customers. Disclosure of such information would put the

parties at a disadvantage in negotiating with new potential partners or customers and also would put the parties at a competitive disadvantage with respect to current partners or customers.

      D.    Marketing plans and strategies developed by or between the parties and market surveys conducted. Disclosure of such information would place the parties at a disadvantage with respect to competitors, who would benefit from the parties' research and analyses, as well as customers, who would benefit in negotiations with the parties.

      E.    Business plans and business strategies developed by or between the parties. Disclosure of such information would place the parties at a competitive disadvantage in the marketplace with respect to both customers and competitors in that it would reveal the parties' insights, thereby eliminating any negotiating advantages.

      F.    Highly confidential technical research, technology design, research and development, and manufacturing information relating to Seven.Five systems, Symphony, Diversity, and related products, including any Upgrades, components or modules related thereto. Such highly confidential materials and/or trade secrets include information pertaining to the Seven.Five product modules listed on Exhibit A to the December 15, 2005 Distribution and Sales Agreement ("DASA") and the intellectual property rights listed in Exhibit A to the Intellectual Property Agreement ("IP Agreement"). Such information has been intended to be maintained as confidential by the parties and has so remained confidential. Disclosure of such information would result in severe loss by the parties to their competitors regarding the fruits of years of labor, research, and developments. Competitors would be able to create the products that utilize such technologies and/or trade secrets without the expense of developing them, and thus would have a significant advantage in the marketplace.

G. Testing results, testing reports, and product analyses relating to Seven.Five systems, Symphony and Diversity, as well as the product modules and intellectual property rights listed in Exhibits A to the DASA and IP Agreement, respectively. Disclosure of this information similarly would allow competitors to create these products or products utilizing their technologies or trade secrets without incurring the expense associated with developing them, and thus would result in a significant loss of advantage for the parties.

H. Sales data and sales estimates relating to Seven.Five systems, Symphony and Diversity, including any Upgrades, components or modules related thereto. Disclosure of such proprietary information would prejudice the parties in negotiating sales with its customers. Moreover, having this information would provide a competitive edge to the parties' competitors and thereby would prejudice the parties in the marketplace.

## **PROTECTIVE ORDER**

Based upon the foregoing showing of good cause, the parties to the above-captioned proceeding, by and through their counsel of record, hereby stipulate to, and respectfully request that the Court issue, the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

**IT IS HEREBY ORDERED:**

1. Any party to this action may designate documents or information produced by itself or produced by any non-party responding to a subpoena (hereinafter referred to as the "producing party") as "CONFIDENTIAL" under this Protective Order, which documents or information: (a) contain or disclose any of the following regarding the past, present, and/or future: customer lists, licensing negotiations, license agreements, marketing plans, marketing strategies, market surveys, technical research, technology design, research and development, testing results, testing reports, product analyses, business plans, business strategies, sales data, sales estimates, manufacturing information, information regarding prospective products, or other

– 5 –
Stipulated Protective Order

similarly confidential items; and (b) reasonably are believed not to be generally known to the public and considered to be commercially sensitive, proprietary, or trade secret information of the party, or an invasion of privacy of an individual under applicable law, the disclosure of which should be subject to protection under Federal Rule of Civil Procedure 26(c)(1)(G) and/or California Civil Code § 3426.1. Additionally, any non-party who, subject to subpoena, produces or provides information that the producing non-party believes is not generally known to the public and considers to be commercially sensitive, proprietary, or trade secret, as defined above, the disclosure of which should be subject to protection under Federal Rule of Civil Procedure 26(c)(1)(G), may designate such information as "CONFIDENTIAL" under this Protective Order.

2.      Any producing party may designate "CONFIDENTIAL" information furthermore as "For Counsel Only" (or "Attorneys' Eyes Only") if the designating party believes in good faith that the information is so commercially sensitive or confidential that the disclosure to employees of another party, even under the restricted terms and conditions applicable to material designated "CONFIDENTIAL," would not provide adequate protection to the interests of the designating party. With the exception of paragraph 7 herein, all provisions herein relating to the procedures applicable to the designation of "CONFIDENTIAL" information shall furthermore apply to the designation of information as "For Counsel Only" (or "Attorneys' Eyes Only").

3.      "CONFIDENTIAL" information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party, may be designated by any party (or by the third party disclosing any such "CONFIDENTIAL" information) as "CONFIDENTIAL" or "For Counsel Only" (or "Attorneys' Eyes Only") and is subject to the provisions of this Protective order. Any party (or third party having disclosed such "CONFIDENTIAL" information) may also

designate information disclosed at such deposition as "CONFIDENTIAL" or "For Counsel Only" (or "Attorneys' Eyes Only") by notifying all of the parties in writing within twenty (20) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "CONFIDENTIAL" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody, or control. All deposition transcripts shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") for a period of twenty (20) days after the receipt of the transcript. To the extent possible, the court reporter shall segregate into separate transcripts information designated as "CONFIDENTIAL" or "For Counsel Only" (or "Attorneys' Eyes Only"), with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "CONFIDENTIAL" and/or "For Counsel Only" (or "Attorneys' Eyes Only") information shall have page numbers that correspond to the blank pages in the main transcript.

4. The term "copy" as used herein means any photographic, mechanical, or computerized copy or reproduction of any document or thing, of any verbatim transcript, in whole or in part, of such document or thing.

5. All information designated "CONFIDENTIAL" hereunder and any summaries, copies, abstracts, or other documents derived from or incorporating in whole or in part material designated as "CONFIDENTIAL" shall be maintained by the receiving party in confidence according to the terms of this Protective Order and used by the receiving party solely in the preparation, prosecution, settlement, or trial of this action and for no other purpose whatsoever. Nothing contained herein shall limit or prevent disclosure or use of any "CONFIDENTIAL" information by the producing party who designated the information as such.

6. All documents and things, including transcripts, which have been designated as containing "CONFIDENTIAL" information by a producing party, and

all copies thereof, shall be maintained securely in the offices of counsel of record for the receiving party, except that copies thereof may be provided to the categories of persons identified in paragraphs 7(a)-(h) to the extent necessary for the conduct of this action.

7. Information designated "CONFIDENTIAL" may not be disclosed to any person other than:

(a) Outside counsel of record involved in this action, and paralegals, secretaries, and other support personnel in their law firm's employ to whom such disclosure is reasonably deemed necessary by such counsel, for the conduct of this action;

(b) The officers, directors, and/or employees of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed an "Acknowledgement," in substantially the same form as Exhibit "A" hereto, agreeing to abide by the restrictions contained herein;

(c) Court reporters while in the performance of their official duties, as well as professional vendors to whom disclosure reasonably is necessary for this litigation and who have signed an "Acknowledgement," in substantially the same form as Exhibit "A" hereto, agreeing to abide by the restrictions contained therein;

(d) Independent outside consultants and experts retained by a party in order to assist its outside counsel of record in the conduct of this litigation, but only to the extent that such disclosure is deemed reasonably necessary by such counsel for the provision of such assistance, and provided that a copy of this Protective Order has been provided to that person, and that person has signed an "Acknowledgement," in substantially the same form as Exhibit "A" hereto, agreeing to abide by the restrictions contained herein. For purposes of this paragraph, an independent expert or consultant may also execute such an "Acknowledgement" as representative of a firm or organization by which they are employed, and the firm or organization and its personnel shall thereby be bound similarly by the terms of this Protective Order.

Persons who are current employees of a party, or who have a subsisting or ongoing employment or consulting relationship with a party (excluding consulting by a person that is not a current or former employee of a party and has been retained by an outside counsel for a party in connection with a dispute with a third party), are not independent outside experts or consultants under this paragraph;

(e) The Court and its supporting personnel;

(f) Persons who have prepared or assisted in the preparation of such documents or material, or to whom the documents or copies thereof were addressed or delivered, but only to the extent that such disclosure is necessary for the conduct of the litigation;

(g) Any mock juror engaged by a party or a party's consultant (under the provisions of paragraph 9) in preparation for trial in this action, provided, however, that: (i) the disclosing party or its consultant shall, prior to any such disclosure, require each mock juror to execute an "Acknowledgement," in substantially the same form as Exhibit "A" attached hereto, without identifying the parties and agreeing to abide by the restrictions contained herein; and (ii) no mock juror may be a current or former employee, officer, attorney, agent, or director of either party to this litigation; and

(h) Anyone so authorized by the prior written consent of the person designating the information as "CONFIDENTIAL."

8. Information designated "For Counsel Only" (or "Attorneys' Eyes Only") may not be disclosed to any person other than:

(a) Outside counsel of record involved in this action, and paralegals, secretaries, and other support personnel in their law firm's employ to whom such disclosure reasonably is deemed necessary by such counsel, for the conduct of this action;

(b) Court reporters while in the performance of their official duties, as well as professional vendors to whom disclosure reasonably is necessary for this litigation

and who have signed an "Acknowledgement," in substantially the same form as Exhibit "A" hereto, agreeing to abide by the restrictions contained herein;

(c) Independent outside consultants and experts retained by a party in order to assist its outside counsel of record in the conduct of this litigation, but only to the extent (i) that the procedures of paragraph 9 of this Protective Order have been complied with, and (ii) that such disclosure is deemed reasonably necessary by such counsel for the provision of such assistance, and provided that a copy of this Protective Order has been provided to that person, and that person has signed an "Acknowledgement," in substantially the same form as Exhibit "A" hereto, agreeing to abide by the restrictions contained herein. For purposes of this paragraph, an independent expert or consultant may also execute such an "Acknowledgement" as representative of a firm or organization by which they are employed, and the firm or organization and its personnel shall thereby similarly be bound by the terms of this Protective Order;

(d) The Court and its support personnel;

(e) Persons who have prepared or assisted in the preparation of such documents or material, or to whom the documents or copies thereof were addressed or delivered, but only to the extent that such disclosure is necessary for the conduct of the litigation;

(f) Any mock juror engaged by a party or a party's consultant (under the provisions of paragraph 9) in preparation for trial in this action, provided, however, that: (i) the disclosing party or its consultant shall, prior to any such disclosure, require each mock juror to execute an "Acknowledgement," in substantially the same form as Exhibit "A" attached hereto, without identifying the parties and agreeing to abide by the restrictions contained herein; and (ii) no mock juror may be a current or former employee, officer, attorney, agent, or director of either party to this litigation; and

(g) Anyone so authorized by the prior written consent of the person

designating the information as "For Counsel Only" (or "Attorneys' Eyes Only").

9. In connection with independent experts and consultants falling under paragraph 8(c) above, each party shall disclose in writing to the other parties the identity, residence, and curriculum vitae of each independent expert or consultant retained by the party, and shall provide the producing party with a copy of the "Acknowledgement" executed by such independent expert or consultant, at least ten (10) business days prior to any disclosure of any documents, information, or other things designated "For Counsel Only" (or "Attorneys' Eyes Only") to such expert or consultant. The curriculum vitae provided to the producing party shall disclose all current and former employers and/or consulting engagements of the independent expert or consultant. If a party objects to an identified expert or consultant, the party shall make its objections known in writing within five (5) business days of notification, and, if necessary, the parties shall conduct the pre-filing conference of counsel pursuant to Local Rule 37-1 within five (5) business days thereafter. If agreement on the independent expert or consultant cannot be reached, the parties shall proceed to seek assistance from the Court pursuant to Local Rule 37. In such a case, no disclosure shall be made to the expert or consultant until the Court has ruled on the objecting party's motion for relief or the issue otherwise is resolved. Unless otherwise agreed, the objecting party shall produce its portion of the joint stipulation called for under Local Rule 37-2 within five (5) business days after the pre-filing conference of counsel. If the objecting party fails to provide its portion of the joint stipulation within the time called for in this paragraph, the objection shall be deemed withdrawn and/or waived and the documents, information, or other things may be disclosed to the expert or consultant subject to the other provisions of this Protective Order.

10. The designation of information as "CONFIDENTIAL" shall be made as follows:

(a) In the case of documents, by affixing a legend to each page thereof indicating that information contained within or disclosed on the page of the document

Stipulated Protective Order

is "CONFIDENTIAL;" and

    (b) In the case of testimony, by:

        (1) Indicating, at the time the testimony is given, that the party designates the information to be "CONFIDENTIAL" and identifying the information so designated, whereupon the court reporter shall separately transcribe under seal clearly labeled with the appropriate designation and a statement substantially in compliance with the following: "DESIGNATED PARTS NOT TO BE USED, COPIED, OR DISCLOSED EXCEPT AS AUTHORIZED BY ORDER OF THE COURT;" or

        (2) Designating specific portions of the transcript (i.e., page and line number) as "CONFIDENTIAL" by serving notice of such designation in writing to opposing counsel within twenty (20) days after receipt of the transcript. Until such designations are made or the parties are notified that no further designations will be made, but in no event beyond twenty (20) days, the parties shall treat the transcript as if it were designated "For Counsel Only" (or "Attorneys' Eyes Only").

11. A producing party which inadvertently fails to mark such produced material as "CONFIDENTIAL" at the time of the production shall promptly correct its failure and notify the receiving party. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each produced document appropriately marked as "CONFIDENTIAL." Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked materials and all copies thereof.

12. Nothing in this Protective Order shall be construed in any manner as an admission or concession by any party that the information designated hereunder is, in fact, confidential, proprietary, trade secret, or otherwise protectable. Any party to this Protective Order may challenge the designations made by any producing party of such information, and shall give the producing party prior notice of any such challenge pursuant to Local Rule 37-1. The producing and challenging parties shall conduct the

pre-filing conference of counsel in a good faith attempt to resolve the issue within five (5) business days of giving notice of such challenge, unless otherwise mutually agreed. If unresolved, and if the challenging party wishes further to challenge the confidentiality designation, the parties shall proceed to prepare the joint stipulation pursuant to Local Rule 37-2 and submit the question to the Court. The party wishing to maintain the confidentiality of such information shall bear the substantive burden of establishing the protected status of the information to the Court. If the challenging party fails to provide the producing party with its portion of the stipulation within five (5) business days following completion of the meet and confer, unless a different time period is agreed to, the designation made by the producing party shall not be subject to further challenge by the challenging party. If a timely challenge pursuant to this paragraph is not pending at the time of final termination of this action, the designation made by the producing party shall not be subject to further challenge by any party.

13. Nothing in this Protective Order shall prevent the marking, or the exhibition to a witness, or the offering into evidence at deposition, or the use at any pretrial hearing or proceeding, of any documents or things designated as containing or disclosing "CONFIDENTIAL" information, *provided, however*, that the disclosure of such documents or things is accomplished in a manner consistent with paragraphs 7 and 8. In addition, all deposition testimony and exhibits designated "CONFIDENTIAL" shall be bound in a separate transcript, and clearly marked on each page, "CONFIDENTIAL," and shall be treated as such.

14. With respect to the discovery from a non-party, such non-party may designate as "CONFIDENTIAL" any information disclosed by that party containing "CONFIDENTIAL" information. With respect to such information, such third party shall have the rights and privileges of a "producing party" pursuant to this Protective Order.

15. Unless otherwise ordered or directed by the Court, a party submitting documents and things to the Court which disclose information designated as

"CONFIDENTIAL" shall proceed in accordance with Local Rule 79-5.1, request that the documents be filed under seal, and take all additional necessary steps which may be required to comply with Local Rule 79-5.1 and to ensure that the request to file under seal is granted.

16. A party serving or filing with the Court any pleading, motion, application, brief, memorandum, or declaration that discloses information that is designated "CONFIDENTIAL" shall be under an obligation to provide to any other party, upon written request, a redacted copy thereof (exclusive of exhibits) with the "CONFIDENTIAL" information redacted therefrom within three (3) business days of the request from such other party.

17. In the event that any party receiving "CONFIDENTIAL" information covered by this Protective Order discovers that any such information has been disclosed to any person not entitled under this Protective Order to receive such information, the party, upon discovering the unauthorized disclosure, shall immediately (a) inform the other party of the circumstances of the disclosure; (b) inform the receiving person or entity of the existence and terms of this Protective Order; (c) make its best efforts to retrieve any unauthorized disclosed documents or materials; and (d) make its best efforts to obtain an undertaking in the form attached hereto as Exhibit A from the person who was not entitled to receive such information. Such unauthorized disclosure shall not cause the disclosed information to lose its confidential status.

18. In the event any person or party having possession, custody, or control of any information designated "CONFIDENTIAL" by another party receives a subpoena or other process or order to produce such information, such person or party shall promptly notify in writing the attorneys of record of the party or third party claiming such confidential treatment of the item, document, or information sought by such subpoena or other process or order, and shall provide reasonable cooperation with respect to any procedure to protect such information or matter as may be sought to be

pursued by the party whose interests may be affected. If the party whose interests may be affected makes a motion to quash or modify the subpoena, process, or order, there shall be no disclosure of the subject matter objected to pursuant to the subpoena, process, or order until the Court has ruled on the motion, and then only in accordance with the ruling so made. If no such motion is made despite a reasonable opportunity to do so, the person or party receiving the subpoena or other process or order shall be entitled to comply with it provided it has fulfilled its obligation hereunder.

19. The inadvertent production of documents or information to the receiving party shall not constitute a waiver of the attorney-client privilege or work product immunity with respect to any document or information so furnished if, within ten (10) days after discovering the inadvertent disclosure, the producing party designates any such document or information as within the protection of either the attorney-client privilege or work product immunity and requests the return of any such document or information to the producing party. Upon request by the producing party for return of any such document or information designated as within the protection of either the attorney-client privilege or work product immunity, the receiving party shall return immediately to the producing party all copies of such documents and all documents containing or referring to such information. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity designation by filing an appropriate motion with the Court. If such a motion is filed, the producing party shall make the document available for in-camera inspection by the Court. The moving party shall not assert that such inadvertent production is a basis for finding a waiver of attorney-client privilege or work product immunity.

20. Within thirty (30) days after the final termination of this action, whether by trial, appeal, or settlement, all parties in possession of documents and things containing or disclosing information designated "CONFIDENTIAL" shall return all copies of such documents and things to the producing party, or otherwise state in

writing that all such copies of such documents have been destroyed in a manner which prevents their disclosure in violation of this Protective Order; *provided, however*, that counsel for a party may retain archival copies of pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, including in electronic form, which counsel reasonably deems necessary to the proper maintenance of counsel's files with respect to this action, even if such materials contain or attach "CONFIDENTIAL" materials or information. Any such documents or information maintained shall continue to be governed by the terms of this Protective Order and the parties agree to submit to the continuing jurisdiction of this Court for purposes of its enforcement.

21. The parties recognize that from time to time, counsel for a receiving party may need to discuss and/or disclose the content of materials designated as "CONFIDENTIAL" with their client or a representative in order to assist in the prosecution and/or defense of this matter, to evaluate or consider proposals for settlement or resolution, or otherwise. If, for this reason or otherwise, a receiving party wishes to disclose or reveal information designated as "CONFIDENTIAL" to any entity, person, or persons other than in accordance with the terms and conditions of this Protective Order, that receiving party shall so request in a writing to the producing party. The writing shall identify the specific documents or information at issue, identify the names and affiliations of all persons to whom the party wishes to disclose the documents or information, and state generally why the receiving party wishes to disclose such documents or information to such persons. The parties agree to discuss and attempt to resolve the issue in good faith, including consideration of additional terms and conditions under which such disclosure could be made, balancing the interests of the receiving party to receive from and provide to its counsel fully informed advice and consent, and the interests of the producing party in protecting the information. If the producing party agrees in writing to the disclosure, the disclosure may be made in accordance with the writing once the individual receiving the

— 16 —
Stipulated Protective Order

information has agreed to and signed an "Acknowledgement," substantially in the same form as Exhibit "A" attached hereto, agreeing to abide by the restrictions contained herein. If the producing party does not agree in writing to the disclosure, the receiving party may seek an order from the Court allowing disclosure to such persons and on such terms and conditions as the Court deems necessary and appropriate. Neither this paragraph nor the fact that a party may agree to a disclosure under the terms herein is or shall be deemed a waiver or relinquishment of any benefits, terms, or conditions of this Protective Order, all of which remain in full force and effect and bind the parties and the individual who receives any documents or information pursuant to the terms of this paragraph.

22. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and, in the course thereof, referring to or relying upon his examination of information designated as "CONFIDENTIAL" or "For Counsel Only" (for "Attorneys' Eyes Only") by another party or a third-party; *provided, however*, that in rendering such advice and in otherwise communicating with his client, the attorney shall not make specific disclosure of any item of the information designated as "CONFIDENTIAL" or "For Counsel Only" (or "Attorneys' Eyes Only").

23. This Protective Order shall bind the parties hereto, as well as their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control. The Protective Order shall bind all of the foregoing in contract, which contract shall survive this action. The Court retains and shall have continuing jurisdiction over the

parties and recipients of the "CONFIDENTIAL" information for enforcement of the provisions of this Protective Order following termination of this litigation.

STIPULATED AND AGREED TO BY:

DATED: June 12, 2008.

        REED SMITH LLP


        By   */s/ William R. Overend*
          Donald P. Rubenstein
          William R. Overend
          James M. Neudecker
          Attorneys for Plaintiff SwissQual AG


DATED: June 12, 2008.

        PILLSBURY WINTHROP SHAW PITTMAN LLP


        By   */s/ Avisha A. Patel*
          Evan Finkel
          Michael J. Finnegan
          Andrew Grossman
          Avisha A. Patel
          Attorneys for Defendant and Counterclaimant Comarco Wireless Technologies, Inc.
          *(Consent to e-file obtained by counsel for SwissQual)*


IT IS SO ORDERED.

DATED: 6/13/08

_____
UNITED STATES MAGISTRATE JUDGE

Stipulated Protective Order

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, declare as follows:

I hereby acknowledge that I may receive information designated as "CONFIDENTIAL" related to the case SWISSQUAL AG V. COMARCO WIRELESS TECHNOLOGIES, INC., et al., Case No. 07-cv-7819-AHM (Ssx) pending in the United States District Court for the Central District of California; and I certify my understanding that such information is provided to me pursuant to the terms and restrictions of the Protective Order entered in that proceeding ("Order").

I further state that I have been given a copy of and have read the Order, that I am familiar with its terms, that, on behalf of myself and the organization identified below with which I am employed and/or affiliated, if any, I agree to comply with and to be bound by each of the terms thereof, and agree to hold in confidence any information designated as such and disclosed to me pursuant to the terms of the Order.

To assure my compliance with the Order, I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for the limited purpose of any proceeding relating to performance under, compliance with, or violation of this Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___ day of _____, 2008.

_____

DOCSSFO-12517695.4

Stipulated Protective Order